UNITED STATES (GOODWIN v.). See Case No. 5,554.

## Case No. 15,230.
### UNITED STATES v. GOOSELY.
[1 Burr's Trial, 222.]
Circuit Court. D. Virginia.[1]

WITNESS—REFUSAL TO ANSWER—POSSIBILITY OF CRIMINATION.

[Cited in argument in U. S. v. Burr, Case No. 14,692e, to the point that a witness is not bound to answer a question which might possibly criminate him.]

Goosely was indicted for felony. under the 16th and 17th sections of the act of congress establishing the post-office and post-roads within the United States, for robbing the mail of some bank-notes.

On his trial, the attorney for the United States called Reynolds. an accomplice with the person, against whom an indictment for the offence had been preferred, but which had been found "not a true bill" by the grand jury.

[1] [Date not given.]

Randolph & Wickham, counsel for the prisoner, objected to his testimony, on the principle that the witness was not bound to give any evidence which might implicate himself.

The attorney admitted the general principle, but denied its application, and insisted that he might give evidence.

THE COURT determined, "that he was a competent witness;" but IREDELL, Circuit Justice, observed (and GRIFFIN, District Judge, concurred) that "he could not be compelled to answer a question leading to an implication of himself; and that it was very probable that the jury would pay but little attention to a fact, which they were satisfied was but partially related. He was asked, whether he knew of any bank-notes being taken out of the mail by the prisoner. He answered, none, but what he was jointly concerned in. The court said he was not bound to tell anything that might "tend to criminate himself."

The jury returned a verdict for the prisoner of not guilty, and he was discharged.